UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN MUEHLENBERG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00392-WHO<br><br>**ORDER GRANTING CHASE DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 30 |

## INTRODUCTION

Plaintiff Kristen Muehlenberg alleges that Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. (the "Chase Defendants")[1] failed to reinvestigate inaccurate information on her bank account reports and re-reported misleading and inaccurate account information in violation of both the Fair Credit Reporting Act ("FCRA") and California's Consumer Credit Reporting Agencies Act ("CCRAA"). The questions I must answer on the Chase Defendants' motion to dismiss are (1) whether plaintiff plausibly alleges that she provided notice to the Chase Defendants of the relevant reporting error, triggering their duties under the FCRA, and (2) whether plaintiff alleges an inaccuracy within the meaning of the FCRA and CCRAA. Although plaintiff's allegations establish that the Chase Defendants received sufficient notice, Plaintiff does not allege that her account listed an actual inaccuracy. Accordingly, I GRANT the Chase Defendants' motion to dismiss both the FCRA and CCRAA claims with leave to amend.

## BACKGROUND

Plaintiff filed for Chapter 13 bankruptcy protection on March 31, 2011. *See* Amended

---

[1] Plaintiff refers only to "JPMorgan Chase Bank," but the Chase Defendants have noted that this is erroneous.

Complaint ("Am. Compl.") ¶ 62 [Dkt. No. 19]. Chapter 13 "affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690, 191 L. Ed. 2d 621 (2015). Plaintiff's plan was confirmed on May 9, 2011. Am. Compl. ¶ 63.

On March 16, 2016, plaintiff ordered a "three bureau report" from Defendant Experian Information Solutions, Inc. Am. Compl. ¶ 65. Plaintiff noticed five trade lines "reporting inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards." *Id.* ¶ 66. These trade lines "continued to report Plaintiff's accounts with past due balances, inaccurate balances, inaccurate monthly payments owed, in collections, and/or charged off." *Id.* Four months later, plaintiff received a discharge from bankruptcy on July 18, 2016. *Id.* ¶ 64.

On September 13, 2016, plaintiff disputed the inaccurate trade lines in her March 2016 report via certified mail with three credit reporting agencies ("CRAs"), Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. Am. Compl. ¶ 67. Plaintiff alleges that her dispute letter put each creditor "on notice that Plaintiff had filed for bankruptcy and to investigate how to report the accounts once a bankruptcy is filed. Plaintiff specifically requested each Creditor investigate the proper way to report Plaintiff's bankruptcy." *Id.* ¶ 68. Plaintiff does not allege that her dispute letter notified the CRAs of her recent discharge from bankruptcy.

On October 26, 2016, plaintiff ordered a second credit report from the same three CRAs. Am. Compl. ¶ 71. Plaintiff alleges that the Chase Defendants reported plaintiff's accounts "with derogatory payment information, post-discharge, in the 24 month payment history in October of 2016." *Id.* ¶¶ 73, 74. Plaintiff alleges that such reporting does not comport with credit reporting industry standards under the "Metro 2" format. *Id.* ¶ 75. Plaintiff also alleges that the Chase Defendants inaccurately reported a failure to pay in July 2016, while not reporting any balance due. *Id.* ¶¶ 77–78.

Plaintiff now asserts two claims against the Chase Defendants for failure to reinvestigate

1 and re-reporting misleading and inaccurate account information in violation of 15 U.S.C. § 1681s-2(b) and California Civil Code § 1785.25(a). Plaintiff also brings one claim against Experian Information Solutions, Inc. for failure to reinvestigate in violation of 15 U.S.C. § 1681i. The Chase Defendants move to dismiss both of plaintiff's claims against them. *See* Dkt. No. 30.

**LEGAL STANDARD**

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

# DISCUSSION

## I. SUFFICIENCY OF NOTICE UNDER THE FCRA

Congress enacted the FCRA, 15 U.S.C. §§ 1681–1681x, "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "As an important means to this end, the Act sought to make consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (internal citations and quotations omitted).

The FCRA also imposes duties on "furnishers," or the sources that provide credit information to CRAs, such as credit card issuers. *See Gorman*, 584 F.3d at 1153. Section 1681s-2(b) provides a furnisher's duties "upon notice of a dispute," or when a furnisher receives notice from the CRA that a consumer disputes the information. *See* 15 U.S.C. § 1681i(a)(2) (requiring CRAs promptly to provide such notification to furnishers containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving notice of a dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>    (i)    modify that item of information;
>    (ii)   delete that item of information; or
>    (iii)  permanently block the reporting of that item of information.

§ 1681s-2(b)(1).

In Count One of the Amended Complaint, plaintiff alleges that the Chase Defendants failed to conduct a reasonable investigation and re-reported inaccurate and misleading account

information. Am. Compl. ¶¶ 81–90. The Chase Defendants move to dismiss this claim for lack of proper notice. In order to trigger Section 1681s-2(b)'s obligations, a furnisher must receive notice of a dispute from a CRA. *See* § 1681s-2(b)(1); *Gorman*, 584 F.3d at 1154. The Chase Defendants argue that plaintiff fails to properly allege (i) that the Chase Defendants received notice of plaintiff's dispute, and (ii) that plaintiff disputed the relevant post-discharge account reports.

Plaintiff alleges that the CRAs provided notice of plaintiff's dispute to the Chase Defendants. *See* Am. Compl. ¶ 84. In the same count, plaintiff also asserts that "[t]he most basic investigation required each CRA to send all relevant information via an ACDV[2] to the furnishers which they did not do." *Id.* ¶ 98. Plaintiff defends this inconsistency because "pre-litigation consumers are not privy to whether an ACDV was sent," and thus "the complaint attempts to address this paradox by pleading in the alternative." Opp. at 5. These allegations, however, are not pleaded in the alternative. I conclude that they are inconsistent and cannot state a claim under the FCRA against the Chase Defendants. *See Mensah v. Experian Info. Sols., Inc.*, No. 16-cv-05689-WHO, 2017 WL 1246891, at *9 (N.D. Cal. Apr. 5, 2017); *Manley v. Experian Info. Sols., Inc.*, No. 16-cv-03355-LHK, 2017 WL 151540, at *5 (N.D. Cal. Jan. 16, 2017). Because plaintiff has indicated that she "can and will remove paragraph 98," Opp. at 5, which would cure the inconsistent allegations, I will address the Chase Defendants' second argument.

The Chase Defendants next argue that plaintiff's claim fails because she does not allege that she disputed her post-discharge account reports; her dispute letter relies on her pre-discharge account report from March 2016. The Chase Defendants also point to plaintiff's allegation that her dispute letter "put each Creditor on notice that Plaintiff had filed for bankruptcy," Am. Compl. ¶ 68, and assert that the dispute letter only provides notice of her bankruptcy filing, not her discharge. In response, plaintiff contends that her dispute letter need not contain the word "discharge" to put the Chase Defendants on notice of the reporting error.

The facts of this case mirror those in Judge Koh's decision in *Vandonzel v. Experian Information Solutions, Inc.* No. 5:17-cv-01819-LHK, Dkt. No. 43 (N.D. Cal. July 31, 2017),

---

[2] ACDV stands for "automated credit dispute verification."

5

which was issued after the hearing on this motion. Judge Koh noted that under *Gorman*, "[t]he pertinent question is . . . whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute." *Id.* at 7 (quoting *Gorman*, 584 F.3d at 1157). But the *Gorman* panel specifically amended its opinion to explain that "[i]n deciding that the notice determines the nature of the dispute to be investigated, we do not suggest that it also cabins the scope of the investigation once undertaken." *Gorman*, 584 F.3d at 1157 n.11. Judge Koh found that while Chase disagreed with plaintiff's allegation "that a reasonable investigation triggered by the mention of a bankruptcy would have revealed the discharge of Plaintiff's debts," she could not resolve this dispute on a motion to dismiss. *Vandonzel*, No. 5:17-cv-01819-LHK, Dkt. No. 43 at 8. She further explained, "[w]ithout evidence regarding the information that Chase received from CRAs and the procedures that Chase uses to investigate disputes, which can only be gained through discovery, the Court cannot determine whether the investigation triggered by a dispute mentioning a bankruptcy would reasonably reveal that the bankruptcy had been discharged." *Id.* at 8–9. I agree with Judge Koh's reasoning, which applies with equal force to the facts of this case.

This conclusion is not inconsistent with those in *Doster v. Experian Information Solutions, Inc.*, No. 16-CV-04629-LHK, 2017 WL 264401 (N.D. Cal. Jan. 20, 2017), or *DeVincenzi v. Experian Information Solutions, Inc.*, No. 16-CV-04628-LHK, 2017 WL 86131 (N.D. Cal. Jan. 10, 2017). In *Doster*, unlike here, the plaintiff filed her dispute letter prior to her discharge, and thus the defendant could not and would not have discovered the bankruptcy discharge upon investigation because there was none at the time of the dispute. 2017 WL 264401, at *4. In *DeVincenzi*, the plaintiff alleged that his credit report was inaccurate because it did not record a certain payment, but the plaintiff did not allege that the payment had actually been made at the time of the dispute letter, that the dispute letter mentioned that inaccuracy, nor that a reasonable investigation of the plaintiff's dispute would have revealed the alleged inaccuracy. 2017 WL 86131, at *8. Here, plaintiff's allegations establish that the Chase Defendants' duty to investigate was triggered when she put them on notice of her bankruptcy filing.

For these reasons, I conclude that plaintiff has alleged that the Chase Defendants received

proper notice of plaintiff's post-discharge dispute, triggering their duties under the FCRA.

## II. FACTUAL INACCURACY UNDER THE FCRA AND CCRAA

Similar to the FCRA, the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know that the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). "[B]ecause the CCRAA is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (internal citations and quotations omitted). Accordingly, a plaintiff must demonstrate "that an actual inaccuracy exist[s]" in order to state a claim for violation of the CCRAA, just as with the FCRA. *Carvalho*, 629 F.3d 876, 890. Information is inaccurate when "it is patently incorrect" or "it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163. "[A] complaint's allegations must dispute *facts* underlying a purported inaccuracy, as the presentation of *legal defenses* to payment will not suffice." *Mamisay v. Experian Info. Sols., Inc.*, No. 16-cv-05694-YGR, 2017 WL 1065170, at *3 (N.D. Cal. Mar. 21, 2017).

Plaintiff's complaint alleges that her second credit report was inaccurate because it continued to report derogatory payment information post-discharge, failing to comport with Metro 2 industry standards. *See* Am. Compl. ¶¶ 73–76. Plaintiff further alleges that the report simultaneously listed a failure to pay while not reporting a balance due for a given month. *See Id.* ¶¶ 77–78. Defendants contend that such allegations cannot constitute a factual inaccuracy; instead, the derogatory payment information merely constitutes a deviation from industry standards. In response, plaintiff points to her general allegations about the calculation and importance of a FICO credit score.

The Chase Defendants have the better argument. Plaintiff's allegations currently are insufficient to establish that the inaccuracies listed on her post-discharge account reports were misleading such that they could be expected to adversely affect credit decisions. The derogatory payment information constitutes a deviation from industry standards, which courts in this district

7

have repeatedly held are alone insufficient to allege inaccurate or misleading reporting. *See, e.g.*, *Mensah*, 2017 WL 1246891, at *8; *Doster*, 2017 WL 264401, at *5; *Anderson v. Experian Info. Sols., Inc.*, No. 16-cv-03328-BLF, 2017 WL 914394, at *6 (N.D. Cal. Mar. 8, 2017). Plaintiff does not allege that Chase failed to report that the accounts were discharged in bankruptcy or that the Chase accounts were reporting past due balances after her discharge.

Furthermore, plaintiff's allegation that the report simultaneously listed a failure to pay while not reporting a balance due for a given month, without more, fails to establish an actual inaccuracy. "An internally inconsistent report . . . does not establish a[] FCRA violation." *Giovanni v. Bank of Am., N.A.*, No. C 12-02530 LB, 2013 WL 1663335, at *7 (N.D. Cal. Apr. 17, 2013). Plaintiff's FICO allegations do not establish how this particular inconsistency could be expected to adversely affect credit decisions, nor does she allege that the failure to pay listed was incorrect.

In conclusion, plaintiff's allegations fail to demonstrate that a factual inaccuracy exists. "The failure to plead an actionable inaccuracy . . . is . . . grounds for dismissal" of plaintiff's claims. *Mensah*, 2017 WL 1246892, at *10. Accordingly, I GRANT the Chase Defendants' motion to dismiss both the FCRA and CCRAA claims. Plaintiff has indicated that she can cure this defect through more specific allegations detailing the inaccuracies on her post-discharge reports and explaining how these inaccuracies would adversely affect credit decisions, and so I grant leave to amend both of her claims.

## CONCLUSION

The Chase Defendants' motion to dismiss is GRANTED. Plaintiff shall file an amended complaint within twenty one (21) days.

**IT IS SO ORDERED.**

Dated: August 28, 2017

William H. Orrick
United States District Judge