UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN MUEHLENBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00392-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 41 |

## INTRODUCTION

Plaintiff Kristen Muehlenberg alleges that Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. (the "Chase Defendants")[1] failed to reinvestigate inaccurate information on her bank account reports and re-reported misleading and inaccurate account information in violation of both the Fair Credit Reporting Act ("FCRA") and California's Consumer Credit Reporting Agencies Act ("CCRAA"). The question I must answer on the Chase Defendants' second motion to dismiss is whether Muehlenberg's allegations in the Second Amended Complaint ("SAC"), when read in the context of her full credit report, may constitute an inaccuracy within the meaning of the FCRA and CCRAA. Because the credit report is not misleading when read in context and thus is not inaccurate, I GRANT the Chase Defendants' motion.

## BACKGROUND

Muehlenberg filed for Chapter 13 bankruptcy protection on March 31, 2011. *See* SAC ¶ 62 [Dkt. No. 38]. Chapter 13 "affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a

---

[1] Muehlenberg refers only to "JPMorgan Chase Bank," but the Chase Defendants have noted that this is erroneous.

debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690, 191 L. Ed. 2d 621 (2015). Muehlenberg's plan was confirmed on May 9, 2011. SAC ¶ 63.

On March 16, 2016, Muehlenberg ordered a "three bureau report" from defendant Experian Information Solutions, Inc. SAC ¶ 65. She noticed five trade lines "reporting inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards." *Id.* ¶ 66. These trade lines "continued to report Muehlenberg's accounts with past due balances, inaccurate balances, inaccurate monthly payments owed, in collections, and/or charged off." *Id.* She received a discharge on July 18, 2016. *Id.* ¶ 64.

On September 13, 2016, Muehlenberg disputed the inaccurate trade lines in her March 2016 report via certified mail with three credit reporting agencies ("CRAs"), Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. SAC ¶ 69. She alleges that her dispute letter put each creditor "on notice that Plaintiff had filed for bankruptcy and to investigate how to report the accounts once a bankruptcy is filed. Plaintiff specifically requested each Creditor investigate the proper way to report Plaintiff's bankruptcy." *Id.* ¶ 70.

On October 26, 2016, Muehlenberg ordered a second credit report from the same three CRAs. SAC ¶ 73. She alleges that the Chase Defendants reported Muehlenberg's accounts "with a delinquency, post-discharge, in the 24 month payment history in October of 2016." *Id.* ¶ 75. She contends that such reporting is inaccurate because she did not owe the Chase Defendants any funds in October of 2016, and that this delinquency is "misleading and would cause lenders to draw a more negative inference with respect to Muehlenberg's credit worthiness because it appears Muehlenberg is derelict in making timely payments." *Id.* ¶¶ 76, 80. She asserts that a similar inaccurate delinquency appears on a second account as well. *Id.* ¶ 81.

Muehlenberg makes two claims against the Chase Defendants for failure to reinvestigate and re-reporting misleading and inaccurate account information in violation of 15 U.S.C. § 1681s-2(b) and California Civil Code § 1785.25(a). She also brings one claim against Experian Information Solutions, Inc. for failure to reinvestigate in violation of 15 U.S.C. § 1681i. The Chase Defendants move to dismiss both of Muehlenberg's claims against them. *See* Dkt. No. 41.

**LEGAL STANDARD**

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Congress enacted the FCRA, 15 U.S.C. §§ 1681–1681x, "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes certain duties on credit reporting agencies ("CRAs") as well as "furnishers," or the sources that provide credit information to CRAs,

such as credit card issuers. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). Section 1681s-2(a) states that furnishers "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a). "Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, [the Ninth Circuit] ha[s] imposed such a requirement." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Information is inaccurate when "it is patently incorrect" or "it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163.

The CCRAA similarly provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know that the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). "[B]ecause the CCRAA is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Carvalho*, 629 F.3d at 889 (internal citations and quotations omitted). Accordingly, a plaintiff must demonstrate "that an actual inaccuracy exist[s]" in order to state a claim for violation of the CCRAA, just as with the FCRA. *Carvalho*, 629 F.3d 876, 890.

I granted the Chase Defendants' Motion to Dismiss the First Amended Complaint for failure to properly plead a factual inaccuracy because Muehlenberg's allegations were "insufficient to establish that the inaccuracies listed on her post-discharge account reports were misleading such that they could be expected to adversely affect credit decisions." *See* Order Granting Chase Defendants' Motion to Dismiss at 7 [Dkt. No. 36]. In particular, I noted that Muehlenberg's "general allegations about the calculation and importance of a FICO credit score" did "not establish how th[e] particular inconsistency [alleged] could be expected to adversely affect credit decisions, nor does she allege that the failure to pay listed was incorrect." *Id.*

In her Second Amended Complaint, Muehlenberg alleges that her second Experian credit report was inaccurate because the Chase Defendants reported two of her accounts "with a

4

delinquency" for "failure to pay," but she "did not owe [the Chase Defendants] any funds in October of 2016." SAC ¶¶ 75–77, 81–83. Muehlenberg alleges that "[g]iven that 35% of a consumer's credit worthiness is attributable to a consumer's payment history and the more recent a delinquency exists on a credit report the more negative impact it has on a consumer's credit worthiness, [the Chase Defendants'] reporting makes it appear that Plaintiff should have paid [the Chase Defendants] in October of 2016 but failed to do so. This is not true." *Id.* ¶ 78. "Such reporting in [sic] entirely inaccurate and misleading and would cause lenders to draw a more negative inference with respect to Plaintiff's credit worthiness because it appears Plaintiff is derelict in making timely payments. This is not true." *Id.* ¶ 80. Muehlenberg alleges that her credit score "was well below what accurate credit reporting industry standards would project." *Id.* ¶ 74.

The Chase Defendants argue that these allegations are still insufficient to establish an inaccuracy within the meaning of the FCRA. They read Muehlenberg's complaint to allege that the alleged delinquency is inaccurate "only because it is 'not in compliance' with 'well established industry standards for credit reporting.'" Mot. at 7. This ignores the new allegations in Muehlenberg's Second Amended Complaint, discussed above, which provide Muehlenberg's theory why the alleged inaccuracies were misleading or inaccurate beyond mere noncompliance with industry standards.

The Chase Defendants next contend that a review of the entire challenged report "in context" shows that Muehlenberg has not plausibly alleged any inaccuracy because the report "prominently discloses that the Chase Accounts are included in or discharged through bankruptcy chapter 13." Mot. at 7–8 (internal quotation marks omitted).[2] They point to the decisions from

---

[2] While the credit reports themselves were not submitted with the pleadings, the Chase Defendants have moved to file them under seal, attached to their motion. *See* Chase Defs.' Admin. Unopposed Mot. to File Under Seal [Dkt. No. 40]. Muehlenberg does not oppose the under seal filing or the incorporation of the credit reports by reference. *See* Pl.'s Statement Regarding Consideration of Credit Reports [Dkt. No. 53]. Compelling reasons exist to seal these documents because the contents of the credit reports relates to Muehlenberg's private financial information and could expose her to identity theft. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut.*

5

the Northern District of California in *Torion v. JPMorgan Chase Bank, N.A.*, No. 17-cv-00422-PJH, 2017 WL 2986250 (N.D. Cal. July 13, 2017), and *Mestayer v. Experian Info. Sols., Inc.*, No. 15-cv-03645-EMC, 2016 WL 7188015 (N.D. Cal. May 4, 2017), in support of their position.

In *Torion*, the Hon. Phyllis Hamilton considered a similar case in which the plaintiff alleged that her credit report was misleading, but Chase disputed that it was because the "credit reports prominently disclose[d] the existence of [plaintiff's] bankruptcy filing in the 'Public Records' section" and "further indicate[d] that there [was] '[n]o collection accounts' in the 'Collections' section." 2017 WL 2986250, at *5. The reports also "indicate[d] on the 'Account Summary' page that [plaintiff] ha[d] '$0' in credit debt." *Id.* The judge concluded that "in light of the full context of the actual reporting in the credit reports . . . this reporting is not misleading because bankruptcy is clearly disclosed elsewhere in the credit report. This eliminates the possibility that a lender would be misled by the reporting." *Id.* at *5–6. Similarly, in *Mestayer*, the Hon. Edward Chen reasoned that because "[t]he disclosure of the bankruptcy substantially diminishes the risk that the report was misleading even if it otherwise did not fully comply with Metro 2," the plaintiff had failed sufficiently to plead an inaccuracy. 2016 WL 7188015, at *3.

Here, Muehlenberg's credit report from the Chase Defendants includes reporting on her account beginning in 4246xxxx that contains a section on "Payment History" in which it lists "FP," or a failure to pay, for the month of October 2016. *See* Ex. A to Chase Defs.' Mot. to Dismiss at 9. Muehlenberg alleges that this is an inaccuracy within the meaning of the FCRA. Placing that notation in context, above the "Payment History," on the same page, the report lists a 0% credit usage and no account balance, and immediately adjacent to the "Payment History," under "Payment Status," it states, "Debt included in or discharged through bankruptcy chapter 13." *Id.* For Muehlenberg's account beginning in 4194xxxx, the report contains the "FP" notation for the month of July of 2016. *Id.* at 13. Again this report displays a 0% credit usage and no

---

*Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))). I therefore GRANT the Chase Defendants' motion to file them under seal. Because Muehlenberg both "refers extensively to the document[s]" and they "form[] the basis of the Muehlenberg's claim[s]," I will consider these documents incorporated by reference in Muehlenberg's Second Amended Complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

account balance, as well as the "Payment Status" of "Debt included in or discharged through bankruptcy chapter 13." *Id.* Muehlenberg's discharge from bankruptcy is also reported separately in the credit report under the "Public Records" section. *Id.* at 23.

While Muehlenberg argues that the "FP" notation alone would immediately result in a lower credit rating, and contends that expert testimony is required in order to properly interpret her credit report, the same would have been true in *Torion* and *Mestayer*. Those cases concluded that the credit reports at issue were not inaccurate. As in those cases, Muehlenberg's credit report accurately reported elsewhere her bankruptcy and discharge in the "Public Records" section. And here, Muehlenberg's discharge from bankruptcy is not only included in a separate section of the credit report but also on the same page and indeed immediately adjacent to the alleged inaccuracy. The prominent display of her bankruptcy discharge in multiple locations of her credit report "substantially diminishes the risk that the report was misleading." *Mestayer*, 2016 WL 7188015, at *3.

I conclude that because Muehlenberg's credit report is not misleading in context, it is not inaccurate within the meaning of either the FCRA or CCRAA. I therefore GRANT the Chase Defendants' Motion to Dismiss the Second Amended Complaint. As the credit reports on their face demonstrate that Muehlenberg has no claim, and she has already tried three times to state one, the dismissal is with prejudice.

## CONCLUSION

For the foregoing reasons, I GRANT the Chase Defendants' Motion to Dismiss the Second Amended Complaint with prejudice. The Clerk shall prepare a judgment in accordance with this ruling.

**IT IS SO ORDERED.**

Dated: December 28, 2017

William H. Orrick
United States District Judge